# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| NATASHA FOGAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL,[1] ) <br> Acting Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) | Case No. 6:16-cv-00813-SGC |

## MEMORANDUM OPINION[2]

The plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). (Doc. 1). The plaintiff timely pursued and exhausted her administrative remedies, and the case is therefore ripe for review pursuant to 42 U.S.C. § 405(g).

## I. FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

At the time she applied for benefits, June 26, 2013 (SSI), and July 1, 2013 (DIB), the plaintiff was forthy-three (43) years old. (R. 205, 219). She is a high school graduate, completed cosmetology training, and previously worked as a

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. *See* https://www.ssa.gov. Pursuant to Fed.R.Civ.P. 25(d), Nancy A. Berryhill is substituted as the defendant in this action.

[2] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 14).

cashier, beautician, nursing assistant, loan clerk, cook, security guard, office clerk, and shelter monitor. (R. 156, 395). The plaintiff claims she became disabled as of May 15, 2013, due to heart attacks, stents, depression, high blood pressure, anxiety, anemia, arthritis, right shoulder pain, and bursitis. (R. 394). After the Social Security Administration ("SSA") denied her applications (R. 205, 219), she requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 16, 2014. (R. 153, 230). After the hearing, the ALJ found that the plaintiff did not have an impairment or a combination of impairments listed in, or medically equivalent to, one listed in the Listings of Impairments. (R. 139). The ALJ further found the plaintiff retained the residual functional capacity to perform a reduced range of light work and that while she had no past relevant work, jobs exist in the national economy in significant numbers which the plaintiff could perform. (R.140, 145). In light of these findings, the ALJ denied the plaintiff's request for a period of disability on November 13, 2014. (R. 146).

The plaintiff requested the Appeals Council review the ALJ's decision (R. 126), which the Appeals Council denied. (R. 1). Therefore, the ALJ's decision is the final decision of the Commissioner of Social Security. (*Id.*) The plaintiff then filed the appeal in this court on May 16, 2016, seeking reversal of the Commissioner's decision. (Docs. 1, 15).

The regulations require the Commissioner to follow a five-step sequential

evaluation to determine whether a claimant is eligible for a period of disability, SSI, and DIB. *See* 20 C.F.R. §§ 404.1520(a)(1)-(2); 416.920(a)(1)-(2). First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If the claimant is engaged in substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work experience. 20 C.F.R. §§ 404.1520(b); 416.920(b). If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c). The burden is on the claimant to "provide medical evidence showing ... impairment(s)" and the severity of them during the time the claimant alleges disability. 20 C.F.R. §§ 404.1512(c); 416.912(c). An impairment is "severe" if it "significantly limits [a] claimant's physical or mental ability to do basic work activities." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the duration requirement and whether it is equivalent to any one of the listed impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d)-(e); 416.920(a)(4)(iii), (d)-(e); §§ 404.1525; 416.925; §§ 404.1526; 416.926. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. §§ 404.1520(d); 416.920(d); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 (The Listings). If the claimant's impairment meets or equals a Listing, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(d); 416.920(d). If the impairment does not meet or equal the criteria of any Listing, the claimant must prove that her impairment prevents her from performing her past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), (f); 416.920(a)(4)(iv), (f).

At step four, the Commissioner "will first compare [the Commission's] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work. 20 C.F.R. §§ 404.1560(b); 416.960(b). If the claimant is capable of performing her past relevant work, the Commissioner will find she is not disabled. 20 C.F.R. §§ 404.1560(b)(3); 416.960(b)(3). If the claimant establishes that she is unable to perform her past relevant work, the Commissioner must show that the claimant—in light of her

RFC, age, education, and work experience—is capable of performing other work that exists in substantial numbers in the national economy. 20 C.F.R. §§ 404.1560(c)(1); 416.960(c)(1). If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled. 20 C.F.R. §§ 404.1520(g); 416.920(g).

Applying these steps, the ALJ determined that the plaintiff had not engaged in substantial gainful employment since her alleged onset date. (R. 136). At step two, the ALJ found the plaintiff suffered from the severe impairments of coronary artery disease status post myocardial infarction times two, benign hypertension, mild cervical degenerative disease, and right shoulder pain. (*Id*.). The ALJ found the plaintiff's depression to be non-severe because it did not cause more than minimal limitation in the plaintiff's ability to perform work related activities. (R. 137). Next, the ALJ found the plaintiff did not have an impairment or combination of impairments that met or medically equaled any Listing. (R. 139). The ALJ determined that the plaintiff had the RFC to perform light work, as defined in 20 C.F.R. §§ 404.1567(b); 416.967(b), reduced by limitations of no concentrated exposure to heat, cold, dust, gases, or humidity; no work around dangerous or moving machinery or unprotected heights; no ladders, ropes or scaffolding; and further limitations against more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs. (R. 140). Considering this

5

RFC, the ALJ determined at step four that the plaintiff had no past relevant work but found at step five, through the use of vocational expert testimony, that the plaintiff could perform jobs which exist in the national economy in significant numbers, such as cashier, information clerk, and office helper. (R. 145).

## II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court is limited to an inquiry into whether substantial evidence exists to support the findings of the Commissioner and whether the correct legal standards were applied. *Stone v. Comm'r of Soc. Sec.*, 544 Fed. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). The court gives deference to the factual findings of the Commissioner but reviews questions of law de novo. *Ingram v. Comm'r of Soc. Sec.,* 496 F.3d 1253, 1260 (11th Cir. 2007). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]," *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005), rather it must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is less than a preponderance, but rather such relevant

evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

**III. DISCUSSION**

The plaintiff contends the ALJ's failure to consider the plaintiff's complaints of shortness of breath and depression as severe impairments was error. (Doc. 15 at 14, 16). The Commissioner responds that because the ALJ found other impairments were severe, the failure to list more impairments as severe is not reversible error. (Doc. 16 at 5).

When finding an impairment "non-severe," an ALJ must "provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). The ALJ carefully detailed all of the evidence in the record which supported his determination that neither the plaintiff's allegation of shortness of breath, nor her allegation of depression, caused more than minimal functional limitations. (R. 137-138, 140-144). Additionally, there is no requirement that an ALJ list every impairment as severe at step two. *Heatly v. Comm'r of Soc. Sec.*, 382 Fed. App'x 823, 825 (11th Cir. 2010). Rather, the failure to list an impairment at step two is harmless error when the ALJ found that the plaintiff suffered from other severe impairments, the ALJ continued with the sequential evaluation process, and the ALJ considered the impairment at other steps of the evaluation

7

process. *Heatly*, 382 Fed. App'x at 825. "[T]he finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see also Burgin v. Comm'r of Social Sec.*, 420 Fed. App'x 901, 903 (11th Cir. 2011) ("Even assuming the ALJ erred when he concluded [the plaintiff's] edema, sleep apnea, and obesity were not severe impairments, that error was harmless because the ALJ considered all of his impairments in combination at later steps in the evaluation process.").

Here, the ALJ carefully and meticulously considered all of the plaintiff's medical records in considering whether the plaintiff was able to perform substantial gainful employment. (R. 137-1438, 140-144). The plaintiff alleged multiple limitations from shortness of breath, such as an inability to walk, stand in one place, or sit. (R. 161). She stated she is unable to work because she gets "shortness of breath when I do things." (R. 163). Upon questioning from the ALJ, the plaintiff testified she has had problems with shortness of breath since her first heart attack in 2009; no doctor has ever told her what it is from; and she takes no medication for it, but it prevents her from cleaning, walking, and going up stairs. (R. 167-169). However, despite the plaintiff's assertion that she is unable to do multiple activities such as stand and walk because of shortness of breath, no

8

medical record supports any such limitations. The plaintiff's 2012 medical records do not reflect any complaints of, or diagnoses relating to, shortness of breath. (R. 484-490, 501, 508-514). March and May 2013 medical records note the plaintiff's breathing was normal, with no wheezes or rales, and no respiratory distress. (R. 506-507, 663). At a disability consultative examination in August 2013 the plaintiff complained of shortness of breath, but upon examination her breathing was normal. (R. 526-27). The plaintiff was seen for chest pain in September 2013, at which time she complained of shortness of breath and was noted to have low lung volumes. (R. 625, 635). However, other medical records from September and December 2013, reflect the plaintiff's respiration rhythm and depth was normal. (R. 591, 627, 716, 719, 721). January 2014 medical records show the plaintiff complained of cough and shortness of breath, but upon examination her breathing effort was normal, and a chest x-ray found the plaintiff's lungs were clear. (R. 549, 551, 561). That same month the plaintiff was referred by her treating physician for a heart catheterization because of her complaints of shortness of breath and chest pain upon exertion. (R. 744). The catheterization in March 2014 found no new obstructions and no need for further intervention. (R. 704). Also that month the plaintiff's breathing was noted to be normal. (R. 714). A December 2014 hospitalization does not mention shortness of breath. (R. 82-84, 86-88).

9

Post-dating her hearing, the plaintiff was hospitalized on March 11, 2015, but specifically denied shortness of breath. (R. 45-48, 53). She did complain of shortness of breath later that month, but her breathing was normal upon examination. (R. 20-21). At a follow up visit in April 2015, no mention of shortness of breath appears in either the plaintiff's complaints or upon examination. (R. 22-23). Later in April 2015 the plaintiff reported shortness of breath with exercise, but her respiratory system was noted as "clear with good aeration." (R. 42-43).

Given the lack of any medical records which support the plaintiff's allegation of shortness of breath to the extent it prevents her standing, walking, climbing stairs, or any other activity, the court finds that the ALJ's failure to list shortness of breath as a severe impairment was not error. Even if medical evidence supported the plaintiff's claim of shortness of breath, the failure to list it as a severe impairment was harmless error, as the ALJ continued his analysis past step two. *See e.g., Packer v. Comm'r, Soc. Sec. Admin.*, 542 Fed. App'x 890, 891 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). Because "the ALJ determined at step two that at least one severe impairment existed; the threshold inquiry at step two therefore was satisfied. Indeed, since the ALJ proceeded beyond step two, any error in failing to find that [the plaintiff] suffers from the additional severe impairments … would be rendered harmless." *Packer*,

542 Fed. App'x at 892.

The plaintiff's assertion that the ALJ's failure to consider her depression as a severe impairment fares no better. Like the plaintiff's argument concerning the failure to consider shortness of breath, her allegation of disabling depression suffers from a lack of evidence. After considering all of the evidence regarding the plaintiff's mental health, the ALJ specifically found the plaintiff's depression was not severe for purposes of step two. (R. 137).

Dr. Alan Blotcky, upon a one-time consultative examination in October 2013, found the plaintiff

> … was appropriately attired and nicely groomed …. She had on make-up and jewelry. Mrs. Fogan reports that she has occasional chest pain secondary to her heart attack and stent. She has persistent pain in her right shoulder. Mrs. Fogan demonstrated logical and orderly thinking. Her speech was normal. Her abstract thinking was adequate. Her memory functioning was intact. Mrs. Fogan seemed anxious and sad to me. Her affect was restricted. She looked tired. Some of her verbalizations were morbid in content. Her energy level was low. Mrs. Fogan is not psychotic. She does not have a thought disorder. This woman's judgment is grossly intact. Her insight is limited.

(R. 534). With this as a backdrop, Dr. Blotcky found the plaintiff to be moderately or markedly limited in every category he assessed. (R. 537-538). Although references to depression appear in the plaintiff's medical records, she provided no evidence that her depression required any mental health treatment prior to the date of her hearing with the ALJ, and her mood and affect were consistently noted to be

11

normal. (*See e.g.*, 488, 494, 499, 502, 516). In the months preceding and post-dating Dr. Blotcky's assessment, medical records reflect the plaintiff's mood and affect were normal.³ (R. 545, 549, 591, 627).

Because it is contradicted by the plethora of medical records from other sources, the ALJ had no obligation to accept the opinion of Dr. Blotcky. *See e.g.,* 20 C.F.R. 404.1527(c); 416.927(c); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) (The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion."). Moreover, "the ALJ's failure to list [depression] as a severe impairment at step two is not a reversible error, assuming that it was an error to begin with. Even if the ALJ erred . . . the error was harmless because the ALJ concluded that [the plaintiff] had [] other severe impairments, thereby satisfying step two." *Flemming v. Comm'r of Soc. Sec.*, 635 Fed App'x

---

³ After the date of the ALJ's decision, the plaintiff was diagnosed with anxiety during a December 2014 hospital admission for chest pain (R. 83), and in March 2015 she exhibited anxiety symptoms and reported severe depression upon a hospital admission for dizziness and slow heart rate. (R. 51). The hospital psychiatry department examined her and made a referral to a mental health clinic. (*Id.*). Nothing in the ensuing mental health records from March and April 2015, suggests that the plaintiff suffered from more than mild symptoms prior to November 13, 2104, the date of the ALJ's decision. Rather, the records reflect that the plaintiff's symptoms were in part due to the recent death of her mother. (R. 29, 38-39). Because the new records do not relate to the time period before the ALJ, they do not require remand of this case to the Commissioner. *See Leiter v. Comm'r of Soc. Sec.*, 377 Fed. App'x 944 (11th Cir. 2010) ("For evidence to be new and noncumulative, it must relate to the time period on or before the date of the ALJ's decision …. Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefits in a new application, but it is not probative of whether a person was disabled during the specific period under review.") (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999)). In any event, the plaintiff's records reflect that in May 2015, she did not fill the prescription from her April appointment and felt like she was coping with grief better. (R. 13).

12

673, 676 (11th Cir. 2015) (citations omitted).

## IV. CONCLUSION

For the reasons set forth above, the court finds the decision of the Commissioner is supported by substantial evidence and due to be affirmed. An order in accordance will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 30th day of August, 2017.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE